**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

---

Temur Abdullaev,

    Plaintiff,

    v.                                                    Case No. 2:26-cv-02250-BCL-atc

Trinity Minter, Warden,
West Tennessee Detention Facility,

    Defendant.

---

**ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER,**
**DIRECTING PETITIONER TO EFFECT SERVICE IF HE SEEKS FURTHER**
**EXPEDITED OR EMERGENCY RELIEF, AND DIRECTING RESPONDENT TO**
**RESPOND TO THE PETITION**

---

Petitioner Temur Abdullaev has filed a petition for habeas corpus under 28 U.S.C. § 2241, challenging his detention without bond pending removal proceedings. Petitioner claims that, in detaining him without a bond hearing, the Department of Homeland Security ("DHS") has both violated the governing statutes and the Fifth Amendment's Due Process Clause. He has moved for a temporary restraining order based on his constitutional argument. Doc. 6 at 2. For the reasons that follow, Petitioner's Motion for a Temporary Restraining Order is **DENIED**.

**BACKGROUND**

Petitioner Temur Abdullaev is a native and citizen of Uzbekistan who is currently detained by DHS in the Western District of Tennessee. Doc. 1 at 10. On September 19, 2023, DHS issued a Notice to Appear charging him as removable because he is a noncitizen present in the United States without being "admitted or paroled after inspection by an Immigration Officer," (Doc. 1-2 at 3), in violation of 8 U.S.C. § 1182(a)(6)(A)(i). Petitioner twice sought a bond hearing in the

ongoing removal proceedings (Doc. 1-2 at 7–13), which the Immigration Judge denied (Doc. 1-2 at 14–18, 25–27). Petitioner claims that the denial of bond was based on the Board of Immigration Appeals' decision in *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216, 2025 WL 2674169 (BIA 2025). *See* Doc. 1 at 12–13. So far as appears from his filings, Petitioner did not seek further review from the BIA in his bond case.

Petitioner did, however, file this Section 2241 petition for writ of habeas corpus challenging his detention without a bond hearing. As relevant here, Petitioner makes two arguments: First, Petitioner argues that continued detention without bond would violate the Fifth Amendment's Due Process Clause. Doc. 1 at 13. *Second*, he claims that he is entitled to a bond hearing under 8 U.S.C. § 1226(a) because he is not a newly arrived alien (having entered the country without inspection approximately two-and-a-half years ago, Doc. 1-2 at 3) and therefore is not an "applicant for admission." Doc. 1 at 11–12.[1] Petitioner also has moved for a temporary restraining order based on his argument under the Due Process Clause, Doc. 6 at 2.

## STANDARD

A party seeking a preliminary injunction "'must establish that [1] he is likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of the equities tips in his favor, and [4] that an injunction is in the public interest.'" *United States Sportsmen's All. Found. v. Centers for Disease Control and Prevention*, -- F.4th ---, 2026 WL 412318, at *2 (6th Cir. 2026) (quoting *EOG Res., Inc. v. Lucky Land Mgmt., LLC*, 134 F.4th 868, 874 (6th Cir. 2025)). "If the plaintiff fails to show a likelihood of success on

---

[1] Petitioner also argues in his Petition that his detention without a bond hearing is invalid because it "relied on" *Matter of Yajure-Hurtado*, which he claims was vacated by the United States District Court for the Central District of California in *Maldonado Bautista v. Ernesto Santacruz*, No. 5:25-cv-01873-SSS-BFM, 2025 WL 3713987 (C.D. Cal. Dec. 18, 2025). Doc. 1 at 12–13. Petitioner does not raise that argument in seeking a temporary restraining order, and so the Court does not address it here.

2

the merits, the court may deny [the motion for a temporary restraining order] without any further consideration." *Id.* (quoting *Wilson v. Williams*, 961 F.3d 829, 844 (6th Cir. 2020)).

## ANALYSIS

Plaintiffs' motion for a temporary restraining order fails at the threshold because he has failed to show that he is likely to succeed on the merits of his claim that he is entitled to a bond hearing. Petitioner's argument—a mere four sentences in his motion, only one of which addresses the substance of his argument—focuses entirely on his claim that his continued detention without a bond hearing violates the Fifth Amendment's Due Process Clause. Doc. 6 at 2, and particularly Par. 9. That alone warrants denial of Petitioner's motion for a temporary restraining order, on which he bears the burden of establishing a likelihood of success. *See id.*; *see also Thurman v. Yellow Freight Sys., Inc.*, 97 F.3d 833, 835 (6th Cir. 1996) ("[V]ague references to an issue fail to clearly present it to the district court so as to preserve the issue for appeal.").

But even looking through to the merits of Plaintiff's constitutional argument—and, frankly, building them out in a way he does not—Plaintiff has not shown a likelihood of success on the merits. In his Motion, Petitioner invokes *Zadvydas v. Davis*, 533 U.S. 678 (2001) in passing, to seemingly attempt to build out a substantive right to a bond hearing or bond, but that case held only that principles of constitutional avoidance counseled against interpreting a statute to allow indefinite detention of an alien when the removal period had expired and there was no realistic possibility the alien would be deported. *Id.* at 685–86, 689. *Zadvydas v. Davis* in no way suggests that the Constitution requires every noncitizen facing removal be given a bond hearing during the pendency of those removal proceedings, no matter how brief. *See Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 508 (5th Cir. 2026).

Looking past the TRO Motion to the underlying Section 2241 petition, Petitioner alleges without citation that "due process requires that … detention [of noncitizens during removal proceedings] be accompanied by adequate procedural safeguards," and that "those safeguards" necessarily "include the availability of an individualized bond hearing before an immigration judge." Doc. 1 at 13.

Petitioner supplies no support for those assertions, which are contrary to law.  Aliens who are present in this country despite never having been legally admitted are entitled to only the process that Congress has provided. *See Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 138–39 (2020).  This is the result of "the so-called 'entry fiction' theory of immigration law," under which "[a]liens who have not 'entered the United States within the meaning of the law,' i.e., who were never lawfully admitted and do not have leave to remain, are 'still in theory of law at the boundary line,'" *Gonzalez v. Ladwig*, No. 2:26-cv-02017-MSN-atc, 2026 WL 413602, at 11 (W.D. Tenn. 2026) (Norris, J.) (quoting *Kaplan v. Tod*, 267 U.S. 228, 230–31 (1925)), where they have "only those rights regarding admission that Congress has provided by statute," *Thuraissigiam*, 591 U.S. at 140.

So, Petitioner's constitutional claim ultimately bottoms out on the statutory claim that he does not address in his motion for a temporary restraining order—a failure which is, again, a sufficient basis to deny his motion for extraordinary relief in the form of a temporary restraining order. In any event, even in his petition, Petitioner's argument is limited to a cursory assertion that he is entitled to a bond hearing under 8 U.S.C. § 1226(a) because he was charged as a "noncitizen present in the United States without admission or parole" and the "Notice to Appear does not designate Petitioner as an arriving alien." Doc. 1 at 11.

That argument does not show a likelihood of success on the merits. In making this statutory argument, Petitioner is apparently trying to place himself outside of 8 U.S.C. § 1225(b)(2), which makes detention mandatory—with a narrow carveout not applicable here—"in the case of an alien who is an applicant for admission":

> [I]n the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained for a proceeding under section 1229a of this title.

Notably, Section 1225(b)(2) does not use the phrase "arriving alien." Congress surely would have done so if it had intended Section 1225(b)(2) to apply only to arriving aliens, a point highlighted by Congress' use of that phrase elsewhere in Section 1225. *Buenrostro-Mendez*, 166 F.4th at 504.

Instead, in Section 1225(b)(2), Congress used the phrase "applicant for admission," so that the relevant question here is whether Petitioner qualifies as an "applicant for admission." He does, because he has never been legally admitted, and is now seeking legal admission in resisting removal proceedings. "Congress defined 'applicant for admission' broadly in Section 1225(a)(1) to include all 'alien[s] present in the United States who have not been admitted.'" *Id.* Thus, "[p]resence without admission deems the petitioner[ ] to be [an] applicant[ ] for admission." *Id.* at 502. That is, Petitioner is "deemed, by statute, to be [an] applicant[ ] for admission pending the resolution of removal proceedings" which will determine whether he will be *legally* admitted into the country. *Id.* Statutory language underscores the point in providing that "'admission' … mean[s], with respect to an alien, the *lawful* entry of the alien into the United States after inspection and authorization by an immigration officer." 8 U.S.C. § 1101(a)(13) (emphasis added). Until his entry into the United States is lawful, Petitioner remains an "applicant for admission," and thus his detention during removal proceedings is mandatory under Section 1225(b)(2).

As a result, Plaintiff has not shown the likelihood of success needed to support a temporary restraining order.

<b>CONCLUSION</b>

For the foregoing reasons, Petitioners' Motion for a Temporary Restraining Order (Doc. 6) is **DENIED WITHOUT PREJUDICE**. The Court recognizes that a Motion for a Temporary Restraining Order is often a hasty affair and always a preliminary one.  Petitioner remains free to elaborate on and attempt to strengthen his arguments at a later stage of the proceedings, including on the merits.  And at those later stages he remains free to press the arguments that he does not press in support of his motion for a temporary restraining order.

If Petitioner wishes to do either of those things in an expedited posture, Petitioner is **ORDERED** to effect service on the United States Attorney for the Western District of Tennessee electronically at stuart.canale@usdoj.gov prior to or simultaneous with seeking expedited relief. Electronic service on the United States Attorney for the Western District of Tennessee is *not* a substitute for the requirements of formal service but is instead intended only to provide the Government notice and an opportunity to be heard on any additional request for emergency or expedited relief.

Respondent is **ORDERED** to respond to the Petition within seven days of service.

**IT IS SO ORDERED**, this 17th day of March, 2026.


s/ *Brian C. Lea*
_____
BRIAN C. LEA
UNITED STATES DISTRICT JUDGE